UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL NEWSOM,<br><br>    Plaintiff,<br><br>    v.<br><br>BREMERTON SCHOOL DISTRICT, an agency of the State of Washington; BETTE HYDE, Superintendent of Bremerton School District; KEVIN FERGUSON; DENISE ZASKE,<br><br>    Defendants. | Case No. C08-5094FDB<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS STATE LAW CLAIMS |

    This cause of action arises from Plaintiff's allegation that he was terminated as a supervisor for custodial services based on his being racist. In addition to a Section 1983 claim for violation of due process, he alleges state claims of wrongful discharge, negligent hiring and retention of Kevin Ferguson (abusive personality and management style), and emotional distress from outrageous conduct (intentional infliction of emotional distress).

    Defendants move for dismissal of the state claims for failure to file a verified claim for damages with the local government entity pursuant to RCW 4.96.

    A claimant must strictly comply with the claim presentation procedures. *Medina v. Pub. Util.*

ORDER - 1

*Dist. No. 1*, 147 Wn.2d 303, 316 (2002).  Constructive notice does not satisfy the requirements of the statute.  *Burnett v. Tacoma City Light*, 124 Wn. App. 550, 559 (2005).  It is a long-standing principle that verification under Washington law means attesting to the truth of a matter under oath.  *See Haynes v. City of Seattle*, 87 Wash. 375, 377-78 (1915)  Supplying the missing oath after the filing period has expired does not cure the defect of the unverified claim filed within the time period.  *Dillabough v. Brady*, 115 Wash. 76, 79-80 (1921).

Plaintiff Newsom responds that there is no actual requirement in the rule that a damages claim be signed under oath, and that he signed a verified complaint in Cause No. C07-5266FDB, which was dismissed for failure to serve defendants within 120 days under Fed. R. Civ. P. 4(m).  Newsom also argues for application of "equitable estoppel" in the situation where a municipal agency acts in such a way to make the plaintiff take action to his or her detriment.  Newsom also argues that the school district engaged in settlement efforts without raising the defense of failure to comply with RCW 4.96.020.  Finally, Newsom argues that the requirements of RCW 4.96 do not apply to the individual defendants as the purpose of giving the governmental agency time to evaluate a claim is not served by such a rule.

Newsom's argument that there is no actual verification requirement is frivolous in view of the statute and the case law concerning the application of RCW 4.96.  In *Schoonover v. State*, 116 Wn. App. 171, 184 (2003), the Court examined RCW 4.96.020 and concluded that while RCW 4.92.020 did not expressly require verification of a tort claim against a government agency, "it does contain language from which we can infer such a requirement."  Furthermore, the Court concluded: "Reviewing the statutory scheme as a whole to the end of maintaining the integrity of the respective statutes, we conclude that RCW 4.96.020 has the same verification requirements as RCW 4.92.100."  *Id.*  It is also frivolous to argue that his verified <u>complaint</u> satisfies the claim filing statute because a verified <u>claim</u> for damages is a <u>prerequisite</u> to commencement of a court action claiming damages.

Newsom's equitable estoppel argument fails as there is no showing that he has met the

ORDER - 2

elements of such a claim; rather, he appears to argue constructive notice, which, as noted above, does not satisfy the statute.  Also, in Cause No. C07-5266FDB, the defendants were not served timely, they had no opportunity to raise any defenses, and a notice of appearance neither raises defenses nor waives them.  *See Lybbert v. Grant County*, 141 Wn.2d 29, 43 (2000)(a notice of appearance is not a responsive pleading wherein one is to assert defenses).

The occurrence of settlement discussions does not relieve a plaintiff of his duties under the rules.  *Kleyer v. Harborview Med. Ctr.*, 76 Wn. App. 542, 549 (1995)(University's attempt to settle claim had no impact on the plaintiff's statutory duty to file a claim with the Olympia office of risk management before filing a lawsuit against the University).

Newsom's assertion that RCW 4.96 does not apply to individuals is frivolous, as, effective June 7, 2006, the provisions of RCW 4.96.020 "apply to claims for damages against all local government entities and their officers, employees, or volunteers acting in such capacity."  RCW 4.96.020(1)(emphasis added).  Newsom's unverified notice of claim in this case is dated October 11, 2006, following the June 7, 2006 effective date for RCW 4.96.020.

There being no verified claim filed in this case prior to bringing this lawsuit, Newsom's state law claims against all defendants must be dismissed (wrongful discharge, negligent hiring and retention, and intentional infliction of emotional distress).

NOW, THEREFORE, IT IS ORDERED: Defendant's Motion to Dismiss State Law Claims [Dkt. # 8] is GRANTED and Plaintiff's state claims are DISMISSED as follows: claims for wrongful discharge, negligent hiring and retention, and intentional infliction of emotional distress.

DATED this 11th day of April, 2008.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 3